UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 04-22

NELSON WILLIAMS                             SECTION: "J"


Before the Court is the **Motion to Vacate, Set Aside or Correct Sentence** filed by defendant Nelson Williams pursuant to 28 U.S.C. § 2255.

In his motion, Williams seeks relief from his conviction and sentence on the grounds that he received ineffective assistance of appellate counsel for failure to raise a Fourth Amendment claim that was raised at trial in this Court and was the subject of a suppression hearing.

Upon review of the record, the Court finds that an evidentiary hearing is not necessary.  For the reasons which follow, the Court finds that defendant Nelson Williams' motion should be denied.

## BACKGROUND

On March 25, 2004, Williams was charged in a six-count indictment under Title 21 U.S.C. §§ 846 and 841(a)(1) and Title 18

U.S.C. §§ 924(c)(1)(A) and 922(g)(1) for conduct relating to possession and distribution of cocaine base.  On March 11, 2004, Williams filed a motion to suppress, on Fourth Amendment grounds, evidence resulting from two police searches.  With respect to the search that is the subject of Williams' present appeal, Williams argued that "[t]he executing officers broke a window to enter and did not knock and announce their authority . . . ." (Memorandum in Support of Motion to Suppress, Rec. Doc. 15, p. 127).  After receiving testimony and argument from both parties, this Court denied the motion, finding that the search warrant at issue was not executed in violation of the Fourth Amendment knock-and-announce rule because "whether or not there was some diversionary tactic . . . the defendant apparently opened the door and handed the officers the key to a locked security gate and allowed them to enter and execute the search warrant."[1] (Transcript of Suppression Hearing, Rec. Doc. 87-3 at 38).  This Court entered a guilty verdict against Williams on all six counts of the indictment and sentenced Williams to 240 months imprisonment.

On July 26, 2004, Williams filed a *pro se* notice of appeal.  On appeal, Williams' attorney did not argue the Fourth Amendment claim denied in the suppression hearing below.  The United States Court of Appeals for the Fifth Circuit vacated Williams' conviction

---

[1]This Court also found there to be no knock-and-announce violation resulting from the execution of the other search warrant, not at issue in defendant's present motion, because the defendant had ridden with the police to the scene to execute the search.  (Transcript of Suppression Hearing, Rec. Doc. 87-3 at 38).

and sentence with regard to the first count, while leaving the other convictions in tact. On June 8, 2006, this Court amended its judgment and sentence in accordance with the Fifth Circuit's ruling. On October 30, 2006, Williams timely filed the instant motion under Title 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on appellate counsel's failure to raise the Fourth Amendment argument.

<u>**DISCUSSION**</u>

Section 2255 allows a convicted person in federal custody to petition the sentencing court to vacate, set aside or correct his sentence. "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>U.S. v. Hatten</u>, 167 F.3d 884, 887 n.5. (5th Cir. 1999). Williams raises a claim of ineffective assistance of appellate counsel based on his attorney's failure to raise the Fourth Amendment claim, which was denied in the suppression hearing. In his motion, Williams claims that appellate counsel decided not to raise this particular issue because in her judgment it was a weak argument.

***Williams' Counsel Was Not Ineffective***

To succeed on an ineffective assistance of counsel claim, Williams must show that his appellate attorney made errors so serious that he was deprived of a fair trial. See <u>Strickland v.</u>

3

Washington, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Thus, review should be conducted under an assumption that "counsel's conduct falls with the wide range of reasonable professional assistance." Jones v. Jones, 163 F.3d 285, 301 (5th Cir. 1998).

Claims of ineffective assistance of counsel for failure to argue certain issues in the appellate context are analyzed under the Strickland test. United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000). Under this test, we must make a determination as to (1) whether the attorney's performance was deficient, and (2) whether that deficiency prejudiced the defendant. Id. (citing Strickland, 466 U.S. at 687). Unless Williams can establish both deficient performance and prejudice, his ineffective assistance claim must fail. Strickland, 466 U.S. at 697.

The Constitution does not require appellate attorneys to raise every non-frivolous issue on appeal. Id.; see Jones v. Barnes, 463 U.S. 745, 751 (1983); see United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). The decision not to raise a non-frivolous issue will only constitute deficient performance when that decision falls below an objective standard of reasonableness. Phillips, 210 F.3d at 348 (citing Strickland, 466 U.S. at 688). Counsel is required by the Constitution to research relevant facts and law or make an informed decision that certain avenues will not

4

prove fruitful.  Phillips, 210 F.3d at 348.  Counsel must discover
and bring to the court's attention "[s]olid, meritorious arguments
based on directly controlling precedent. . . ."  Id. (citing
Williamson, 183 F.3d at 462-63).  However, while "the accused has
the ultimate authority to make certain fundamental decisions
regarding the case," the Supreme Court has stated that no "decision
of this Court, suggests, however, that the indigent defendant has
a constitutional right to compel appointed counsel to press
nonfrivolous points requested by the client, if counsel, as a
matter of professional judgment, decides not to present those
points."  Jones v. Barnes, 463 U.S. at 751.  To allow "the client,
and not the professional advocate, . . . to decide what issues are
to be pressed [would] seriously undermine[] the ability of counsel
to present the client's case in accord with counsel's professional
evaluation . . . .  Experienced advocates since time beyond memory
have emphasized the importance of winnowing out weaker arguments on
appeal and focusing on one central issue if possible, or at most on
a few key issues."  Id. at 751-52.  Thus, this Court looks for
objective unreasonableness, while remaining weary of the danger of
second-guessing appellate counsel without the benefit of her
immediate perspective, impression and information.

    As it is often the case that an ineffectiveness claim can more
easily be disposed of on grounds of lack of prejudice, that
consideration may be addressed first, see Strickland, 466 U.S. at

697, and will be here.

### *Williams Was Not Prejudiced By Appellate Counsel's Decision Not to Raise the Fourth Amendment Argument*

To show prejudice, Williams must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Phillips</u>, 210 F.3d at 350.  In the appellate context, this requires a showing that the appeals court would have afforded relief on appeal.   <u>Id.</u>   To make this determination, we must "counter-factually determine the probable outcome on appeal had counsel raised the argument."   <u>Id.</u> at 351.   This Court finds that the outcome of the case would not have been altered by appellate counsel raising the Fourth Amendment argument, because the argument was not of sufficient merit.

Following the presentation of evidence at the suppression hearing, this Court rejected the argument based on a finding that the only entry that occurred was invited by Williams himself.   In his present motion Williams claims that he came to the front of the house because he heard his rear window broken and was then ordered by police to open the security gate at gunpoint.  (Memorandum of Fact and Law, Rec. Doc. 87-2 at 4).  Appellate counsel might easily have dismissed this argument based on the lack of evidence to corroborate Williams' new description of the event.   In light of this result in the suppression hearing, appellate counsel might have decided not to offer Williams' new description of the search

6

to the Fifth Circuit to avoid weakening Williams' credibility.  To the extent that appellate counsel chose not to raise this point due to the lack of evidence in the record to support Williams' claims, as was the case in Jones v. Barnes, 463 U.S. at 748, this Court will not "second-guess reasonable and professional judgments." Id. at 754.  This Court finds appellate counsel's judgment in that regard to be reasonable in light of the lack of evidence brought to light in the suppression hearing.  Similarly, to the extent that appellate counsel chose not to raise the point in order to avoid weakening Williams' stronger argument, this Court finds it to be in the discretion of appellate counsel, short of the constitutional line of objective unreasonableness, to make a professional judgment as to whether this claim was useful, non-useful or in fact deleterious to Williams' case as a whole.

Because the Court finds that Williams failed to show prejudice, it need not proceed with the Strickland inquiry into deficiency of performance.  Strickland does not require further analysis when a defendant fails to make a sufficient showing on one component of the test.  466 U.S. at 697.  However, a breif analysis of the remaining component will inform the above inquiry.

### *Performance of Williams' Counsel Was Not Deficient*

Because deficiency is found by asking whether Williams' Fourth Amendment claim is of such high merit that appellate counsel's failure to raise it was objectively unreasonable, a finding that

the claim would not have changed the outcome on appeal effectively answers the question of deficiency.  Appellate counsel could not be objectively unreasonable in failing to raise an argument that would not have influenced the appellate court.   Nothing in the record suggests that the Fourth Amendment issue was of such overwhelming strength that appellate counsel's decision not to raise it was objectively unreasonable.  In fact, the effectiveness of appellate counsel's representation of Williams is evidenced by her success in convincing the Fifth Circuit to vacate one count of Williams' conviction and sentence.   Surely it could not be said that this winning argument should have been replaced by the Fourth Amendment argument.   Furthermore, even if substitution was not necessary, perhaps appellate counsel viewed the possible loss of credibility and judicial patience which could result from making the Fourth Amendment argument to pose a danger of weakening the ultimately successful argument.

Regardless, "[j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too . . . easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689.  While that temptation is admittedly less acute in light of appellate counsel's successful advocacy, the principle remains unchanged that deference should be given to the professional judgment of attorneys.  In the case at bar, this Court

8

finds performance of counsel to be effective.

## CONCLUSION

The claim brought by Williams in the instant § 2255 petition fails to meet the standard required by <u>Strickland v. Washington</u> to prevail on an ineffective assistance claim.  Indeed, the record supports the view that Williams' appellate counsel was more than adequate and had the exceptional success of obtaining a reversal of one count of Williams' conviction and sentence.  Accordingly;

IT IS ORDERED the Motion to Vacate, Set aside or Correct Sentence filed by defendant Nelson Williams pursuant to 28 U.S.C. § 2255 should be and is hereby DENIED.

New Orleans, Louisiana, this 17th day of April, 2007.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE